IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KAMEON VANKEIS AARON,
ADC #129521                                                                                            PLAINTIFF

V.                                    5:12CV00121-DPM-JTK

CHRISTINE ANTHONY., et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

This matter is before the Court on Defendant Anthony's Motion for Summary Judgment (Doc. No. 28).[1]  By Order dated January 31, 2013, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order, and cautioned him that failure to respond would result in "all of the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff," or "dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)." (Doc. No. 31, p. 2.)  The copy of the Order mailed to Plaintiff at his last-known address was returned as undeliverable on February 11, 2013 (Doc. No. 32), and as of this date, Plaintiff has not responded to the Motion or otherwise corresponded with the Court.

Plaintiff is a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction (ADC).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference and retaliation with respect to Defendant's handling of a grievance he wrote

---

[1]The remaining Defendants were previously dismissed (Doc. Nos. 11, 19).

while incarcerated at the Delta Regional Unit.  Specifically, Plaintiff alleges he wrote an informal grievance on September 20, 2011, complaining about corruption inside the laundry and institutional operations, and Defendant Anthony was charged with investigating his grievance. (Doc. No. 10, p. 7.)  During her investigation, however, Anthony revealed to other inmates who work in the laundry area that Plaintiff was the source of the complaint. (Id. at p. 8.)  As a result, inmates threatened him and labeled him a "snitch," causing Plaintiff to fear for his safety.  (Id.)  This motivated Plaintiff to retrieve a weapon to protect himself, which he later returned to his mental health counselor. (Id.) Plaintiff claims Defendant Anthony abused her authority by revealing his identity to others, and that her actions were motivated by retaliation for Plaintiff's filing of the grievance against her co-worker in the laundry. Plaintiff asks for monetary relief from Defendant.

**II.    Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In her Motion, Defendant states Plaintiff cannot support his retaliation claim against her because his claim is conclusory and includes no specific facts to show that her actions were motivated by retaliation. In addition, Plaintiff cannot show that he suffered any physical injury, and the Prison Litigation Reform Act limits recovery for mental emotional injuries to claims which also allege physical injury. 42 U.S.C. § 1997e(e). Defendant also states that Plaintiff's monetary claims against her in her official capacity are barred by sovereign immunity, and his claims against her in her individual capacity are barred by qualified immunity.

Defendant Anthony submits her declaration in support of the Motion, stating that one of her job responsibilities is that of a problem solver, who attempts to resolves problems submitted by inmates in informal grievances. (Doc. No. 29-1, p. 1.) She received an informal grievance from Plaintiff complaining that the inmates in the laundry improperly refused to issue him canvas shoes and new work clothes without payment of costs, and that the laundry supervisor he spoke to did not resolve his issue. (Id. at p. 2.) Anthony states she investigated the informal grievance, and gave a laundry worker Plaintiff's name and ADC number so that clothes could be issued to him to resolve his complaint. (Id.) Anthony denies that she permitted inmates to read the informal grievance, and states that her "actions were directed by and for the sole purpose of resolving the informal resolution with the laundry personnel in order to have Mr. Aaron issued whatever clothes he was entitled to receive from the laundry." (Id.) She also denies taking any action against Plaintiff in retaliation for the filing of the informal grievance, and notes that a later grievance he filed complaining about her actions was found without merit and denied on appeal. (Id. at pp. 2-3, 8-9.) She states she is

4

unaware of any harm suffered by Plaintiff as a result of an alleged disclosure of the content of his grievance, and notes that he subsequently was convicted of a disciplinary based on his possession of the weapon.  (Id. at p. 4.)

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant Anthony, the Court hereby finds that the facts set forth by Defendant are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law.  See FED.R.CIV.P. 56(e)(2), (3).   Initially, the Court finds that Plaintiff's monetary claims against Defendant Anthony in her official capacity are barred by sovereign immunity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  Next, Plaintiff provides no support of his claim that Defendant's actions were motivated by retaliation for the filing of his grievance, as set forth in Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007).  Defendant states in her declaration that she revealed Plaintiff's name in an attempt to resolve his grievance by directing that clothes be provided to him, and denies that her actions were motivated by retaliation.  Plaintiff does not offer any facts or evidence to controvert these statements.

In light of such, the Court also finds that Plaintiff's monetary claims against Defendant in her individual capacity are barred by qualified immunity, because the facts alleged or shown do not support a finding of a constitutional violation.  See; Pearson v. Callahan, 555 U.S. 223, 231(2009).

**IV.    Conclusion**

IT IS, THEREFORE,  RECOMMENDED that Defendant Anthony's Motion for Summary Judgment (Doc. No. 28) be GRANTED, and Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 18th day of March, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE